IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
JANICE NDUNGURU,                   )
                                   )
            Plaintiff,             )       8:07CV286
                                   )
       v.                          )
                                   )
KONE, INC., d/b/a KONE OMAHA       )       MEMORANDUM AND ORDER
and KONE CORPORATION), and         )
JOHN DOE, CORP.,                   )
                                   )
            Defendants.            )
_____)
```

This matter is before the Court on defendant Kone, Inc.'s ("Kone") motion to dismiss (Filing No. 12). Kone moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively, based on the doctrine of forum non conveniens. After review of the motion, the complaint, the briefs of the parties, and the applicable law, the Court concludes that the motion should be denied.

This case arises out of an incident at the Ariel Rios Building, 1200 Pennsylvania Ave., NW, Washington, DC 20004-2403 (Compl. ¶ 4, Filing No. 1, Attach. 1). Plaintiff Janice Ndunguru alleges that on or about June 24, 2003, while she was a passenger in an elevator installed, operated, and maintained by Kone, the elevator rapidly rose and then fell between the third and sixth floors, and otherwise malfunctioned, injuring her. (*Id.*) The action was originally filed in the District Court of Douglas County, Nebraska, on June 19, 2007, but on July 27, 2007, was

timely removed to this Court by Kone pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (Filing No. 1).

The primary issue before the Court is which statute of limitations applies in this case. If Nebraska's four-year statute, Neb. Rev. Stat. § 25-207, applies, then Ndunguru's claim was timely filed and Kone's 12(b)(6) motion should be denied. However, if the District of Columbia's three-year statute, D.C. Code § 12-301, applies, then Ndunguru's claim is barred by the statute of limitations and Kone's motion should be granted.

"A federal district court sitting in Nebraska must follow Nebraska's conflict of laws rules." *In re Derailment Cases*, 416 F.3d 787, 794-95 (8th Cir. 2005). One of those rules is that "substantive rights of parties to an action are governed by the state where the cause of action arose, [and] procedural matters are dictated by the law of the forum." *Whitten v. Whitten*, 548 N.W.2d 338, 340 (Neb. 1996) (citing *Calvert v. Roberts Dairy Co.*, 496 N.W.2d 491 (Neb. 1993)). The Nebraska Supreme Court has held that "the statute of limitations is a procedural matter." *Id.* Therefore, because this case was filed in Nebraska state court and removed to this Court sitting in Nebraska, statute of limitations matters are dictated by Nebraska law.

Nebraska law on conflicts between statutes of limitation is addressed by the state's borrowing statute. That statute provides:

> All actions and causes of action which are barred by laws of any other state, territory or country shall be deemed barred in this state; but no action shall be barred by the laws of any other state, territory or country unless the same would have been barred by the provisions of this chapter had the defendant been a resident of this state for the period herein described.

Neb. Rev. Stat. § 25-215.[1] Interpreting § 25-215, the Nebraska Supreme Court held in *Calvert v. Roberts Dairy Co.*, 496 N.W.2d 491, 495 (Neb. 1993),

> that Nebraska's borrowing statute . . . permits the barring of a claim by the statute of limitations of a foreign state only in the event the claim would have been barred by the applicable Nebraska statute of limitations if the defendant had 'been the resident of

---

[1] The statute is not a model of clarity. It has been called an "embarrassment to the bar," J. Patrick Green, *The Nebraska Borrowing Statute: A History and Translation*, 9 Creighton L. Rev. 677, 692 (1976), and "almost impossible to comprehend," Patrick J. Borchers, *Nebraska Choice of Law: A Synthesis*, 39 Creighton L. Rev. 1, 18 (2006). Thankfully, the statute was recently repealed. 2006 Neb. Laws 1115. However, Nebraska's general savings statute, Neb. Rev. Stat. § 49-301, provides that "[w]henever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute." This cause accrued in June, 2003, well before the repeal.

>     this state for the period [t]herein
>     prescribed' by the applicable
>     Nebraska statute of limitations
>     . . . .

In other words, "[t]he short of the matter is that a plaintiff filing in Nebraska [almost] always gets the benefit of the Nebraska limitations period . . . ."  Borchers, *supra* note 1, at 20.  This case is no exception.  Nebraska's statute of limitations, not the District of Columbia's, applies here.

The only contrary authority is *Fed. Deposit Ins. Corp. v. Nordbrock*, 102 F.3d 335, 338 (8th Cir. 1996), where a panel of the United States Court of Appeals for the Eighth Circuit predicted that Nebraska courts would apply the rule from the Restatement (Second) Conflicts of Law § 142, rather than from Neb. Rev. Stat. § 25-215 and *Calvert* to the facts of that case.  However, regardless of whether one casts *Nordbrock*'s use of the restatement rule as an application of federal law, *See Nordbrock*, 102 F.3d at 340 (Loken, J, concurring), or as being based on the fact that in that case the out-of-state statute of limitations was for a greater time than the Nebraska statute, *see Hatchett v. K & B Transportation, Inc.*, 263 F.Supp.2d 1315, 1317 (2003), or as a case where the court was just plain wrong, *see* Borchers, *supra* note 1, at 20 n.117 ("This result simply cannot be squared with *Calvert* . . . ."), what is clear is that it does not apply to the facts of this case.  There is no federal statute at issue here, and the District of Columbia statute here is for a shorter

period than the Nebraska statute.  Indeed, none of the "unique factual setting" presented in *Nordbrock* is present in this case. *Nordbrock*, 102 F.3d at 339.  Therefore, it is *Calvert* and not *Nordbrock* which applies, and Nebraska's statute of limitations controls.

Having resolved the statute of limitations question, the remaining issues in the motion are easily disposed of.  An action should be dismissed under Fed. R. Civ. P. 12(b)(6) only if the complaint fails to state a claim upon which relief can be granted.  Kone argues that the three-year Washington, D.C. statute of limitations applies and therefore no relief can be granted in this case.  It does not.  As discussed above, Nebraska's four-year statute applies, and Ndunguru's claim, accruing on June 24, 2003, was timely when filed on June 19, 2007.  Thus, the statute of limitations does not bar the claim and Kone's Rule 12(b)(6) motion cannot be granted.

Alternatively, Kone moves that this Court dismiss Ndunguru's complaint based on the doctrine of forum non conveniens.  However, it is well settled that in order to grant such a dismissal, a court must first "find that there exists an adequate alternative forum for the litigation . . . ." *de Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)).  Here there is no showing that any other forum was

available to the plaintiff to prosecute this action.  Kone suggests that the District of Columbia would be a more appropriate place for this case (Def.'s Br. in Supp. of Mot. to Dismiss, Filing No. 13, at 4-5).  However, it is clear that the statute of limitations precludes Ndunguru's filing of this action there if this Court were to dismiss it, and far from waiving the statute of limitations defense, Kone has been actively asserting it here.  Having found no appropriate alternative forum, the Court concludes that this case should not be dismissed based on the doctrine of forum non conveniens.  Therefore, Kone's motion to dismiss should be denied.  Accordingly,

　　　　　IT IS ORDERED that defendant Kone, Inc.'s motion to dismiss is denied.

　　　　　DATED this 2nd day of January, 2008.

　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　/s/ Lyle E. Strom
　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　LYLE E. STROM, Senior Judge
　　　　　　　　　　　　　　　United States District Court